No.——

**First Circuit**

———

**JONES v. LOUISIANA RY. & NAV. CO.**

———

(June 12, 1928. Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625, 626.**
The finding of the trial court as to credibility of witnesses and matters of fact being clearly correct is affirmed.

2. **Louisiana Digest—Master and Servant —Par. 164, 165.**
The employer is not responsible for the willful and deliberate acts of its employee not directly within the scope of his employment, such as the throwing of fire onto the dry weeds by an employee from a freight train.

Appeal from the Parish of Ascension. Hon. Sam A. LeBlanc, Judge.

Action by Robert O. Jones against Louisiana Ry. and Navigation Co.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

C. V. St. Amant, of Donaldsonville, attorneys for plaintiff, appellant.

Paul G. Barron, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. It is alleged by plaintiff that on November 18, 1924, an employee of defendant company riding on one of its freight trains, threw a burning piece of paper, waste or some other object from the moving train, which due to the extraordinary dry season, started a fire in the weeds and grass near the railway track, and from there soon spread to his farm where it destroyed his dwelling house, nine acres of barbed wire fence, and burned over thirty acres of timber land. He brings this suit against defendant in damages in the sum of $990.00 for the alleged value of his property so destroyed. He appeals from a judgment rejecting his demand.

Two negroes, Richard Jones and his boy, Leander, say they saw when the fire started in the woods and grass near the railroad track. Richard says that about two-thirty in the afternoon of November 18, 1924, while engaged with his son, Leander, in cutting sugar cane an acre or so from the railroad track, a white man while standing on the rear end of the train, "up on top of the caboose extended his hand and threw a 'bunch' from which smoke was coming" that fell on the edge of the railroad track next to the property of the plaintiff. In testifying further in reference to this burning object, which Richard says this white man threw from the train, he says that the smoke was following it and a few moments after it hit the ground "a blaze bursted out." Leander says the man in the caboose "throwed out fire and set the track afire." If we are to believe these witnesses, the weeds along that railroad track were set on fire almost instantly after this "bunch," waste paper or other object, was thrown from the rear of the train. We must therefore conclude that a flaming object was thrown out of that caboose into the weeds and grass along that railroad track. The fall of 1924 is known to have been one of the driest seasons this State has ever experienced and the fact is that plaintiff himself alleged in his petition that due to the extraordinary dry season of that year, the weeds and grass immediately caught fire and spread so rapidly that it got beyond the control of those who tried to extinguish it. It is hard to believe that an employee of the company or any one else would have deliberately thrown a fire brand of the description given by Richard and his son, from that moving train in the dry weeds along that track, in such a dry season. The District Judge in referring to the testimony of Richard and Leander Jones takes occasion to say:

"Their testimony in court varies materially from a statement which they made and signed a few months after the alleged fire to one of the claim agents of the defendant company. There was an explanation made of the discrepancy between their testimony and the statement, but I cannot say that I am satisfied with the explanation."

In the signed statement to which the Judge refers, the Jones say:

"When the fire started on Tuesday I did not see anyone set the fire and don't know just how it got started. I did not see anyone near the track."

Nothing could hardly be more contradictory than the version given by the Jones in their testimony of the origin of the fire, and their declaration in writing to the claim agent of the defendant company, and which naturally prompted the Court to say that it had not been satisfied with the explanation that had been made between the testimony of these witnesses and their statement. It is indeed difficult to explain the conflicting and contradictory statements hereinabove referred to. The Court evidently had its doubts as to the credibility of these two witnesses, and in fact did not believe them. He was justified in reaching that conclusion as we appreciate the evidence.

Masters and employers are answerable for the damages occasioned by their servants "in the exercise of the functions in which they are employed." C. C. 2320. In commenting on this article of the code, the Court, in Stewart vs. Boyd et al., 15 La. Ann. 172, said:

"The distinction is obvious between the willful and deliberate acts of agents amounting to offenses which they commit, even when attending to the functions intrusted to them, and those acts of imprudence, unskillfulness, and ignorance in the discharge of their duties, which may occasion injury to others."

This doctrine was later approved in Vara vs. Quigley Const. Co., 114 La. 261, 38 So. 162.

According to the testimony of Richard Jones this unidentified white man to whom he refers, while standing on the rear of the train extended his hand and threw a "bunch" from which smoke was coming, into the weeds on the side of the track. The extending of his hand by this individual and the throwing of the burning object, whatever it was, was unquestionably a willful and deliberate act bordering on criminality, if not criminal, considering the inflammability of the weeds along that track and the dryness of the season. Leander gives a version somewhat different to that of his father, and says the man in the caboose threw out fire and "set the track afire." Richard says the smoke was following the object which was thrown out and that in a few minutes after it "hit the ground, a blaze bursted out." The object so thrown out must have been flaming or else the blaze from the grass or weeds could not have been so instantaneous. Under the ruling above referred to the masters are responsible for their employees for those acts of imprudence, unskillfulness and ignorance in the discharge of their duties which may occasion injury to others.

The story of the occurrence as given by Richard and Leander Jones was simply discredited by the District Judge, and seems incredible to us; particularly is it so when considered in connection with the declaration to the claim agent.

Even if taken as true, the description they give of the acts is such that it cannot be classed as one that could have had any connection to the functions of any of the employees on that train. If it were that of an employee of the company, it was his own willful and deliberate act, and not chargeable to his ignorance, unskillfulness or imprudence for which the defendant can be held responsible.